Dear Chief Duncan:
This office is in receipt of your request for an opinion of the Attorney General in regard to Louisiana's Compulsory Insurance Law, R.S. 32:863.1. R.S. 32:861 requires motor vehicle liability coverage for vehicles registered in this state, and R.S. 32:863.1
prohibits an owner from operating or permitting his motor vehicle to be operated on any public road unless proof of insurance is contained in the vehicle. R.S. 32:863.1 sets forth the procedure to be followed when an operator of a motor vehicle who is requested by a law enforcement officer to show compliance with the requirement of proof of insurance and does not have insurance or is unable to supply the required proof.
You have enclosed a copy of your current policy for enforcement of the R.S. 32:863.1, and request our evaluation of the policy in light of the relative statutory provisions for compulsory insurance.
Succinctly, your policy reflects that the officer who encounters a driver who does not have insurance or proof of the same is to "seize the license plate from the vehicle", and issue a "green" copy of the citation. He must affix a yellow label as described by statute to the rear window of the vehicle. He is to "assist in the arrangement for transportation of the driver and/or occupants to a place of safety, when deemed necessary" and "cause the vehicle to be parked and locked at a place of safety".
In the situation where there is no proof of insurance, he is to advise the driver upon obtaining proof he may return to the vehicle and operate it for ten days, but must go to the Department of Motor Vehicles to show the proof of valid insurance in order to retrieve his license plate where it is sent following the seizure with a copy of the citation attached.
If the owner has no insurance, he is to be issued a citation, and be informed he can obtain insurance permitting him to operate the vehicle for ten days from the date on the yellow temporary use authorization sticker. When the ten days have expired, the vehicle is to be parked for thirty days during which time he cannot obtain the vehicle license plate. However, he must report to the Department of Motor Vehicles where he will be issued a new plate and be assessed fees and penalties.
The officer is further advised if he observes a vehicle operating with a temporary yellow sticker, he should attempt to stop the vehicle to ascertain proof of insurance. Without such proof or lack of insurance the vehicle is to be impounded. When there is no proof of insurance, it is not to be released without a current registration, license plate and valid insurance. A citation for no insurance is to be issued.
If the yellow sticker had expired by the passage of ten days but the driver has proof of insurance, a citation for "no license plate is to be issued". If the proof of insurance was issued after the date the yellow sticker was issued and which had expired, the vehicle is to be impounded since it must be parked for 30 days after the ten day grace period.
When the vehicle is impounded, the procedure is set forth for the officer, headquarters, and the supervisor such as checking for possible switched license plates, history on the vehicle, and that the established procedure is being properly followed.
With regard to the breakdown of penalties and fees the policy for Bossier City Police Department reflects a $50 reinstatement fee, $10 fine, and $25 administrative fee. The $50 fee is consistent with R.S. 32:863.1 wherein it provides the $50 reinstatement fee for the first offense. However, there is an increase to $100 and $500 for subsequent offenses, and it further specifies this is in addition to other appropriate registration fees allowed by law.
However, we note that the policy for your office states that the officer does not have to explain the above fees and/or penalties to violators, but simply requires that they instruct the offender to contact the Safety Officer at the Department of Motor Vehicles. This would appear to be the better position to avoid any possible misunderstanding.
We find the procedure established by your office is consistent with the statutory provisions except the requirement that after the initial stop when the license is removed and the yellow sticker attached to the rear window of the vehicle that the vehicle be parked and locked, remaining at the scene of the encounter and not driven off.
As we interpret the law, the yellow sticker is a temporary license for ten days permitting utilization of the automobile until the license is retrieved by producing proof of insurance or prior to the thirty day revocation when the owner fails to provide proof of insurance. Therefore, the owner of the vehicle should not be required to leave the vehicle parked and locked upon having the license removed and receiving the yellow sticker. The statute provides the yellow sticker is "in lieu of an official license plate" and "shall be effective for a period of ten working days beginning from the day on which the license plate is taken".
While R.S. 32:53 provides, as does R.S. 32:863.1, that no owner of a motor vehicle shall operate or allow the operation of such vehicle on any highway at any time unless equipped with such lamps and other equipment required by law or with having that which is prohibited, and requires an inspection tag, it does not appear that the usual procedure mandates that the vehicle be parked and locked upon an officer's observation of the violation at the time of issuance of a citation for failure to have the proper equipment or inspection tag, and we feel there is no requirement the vehicle with the yellow sticker must be parked and locked during the ten day period covered by the sticker to allow proof of insurance or purchase. The ten day period is referred to as "a grace period".
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR